■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON HILL, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered December 4, 1978, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Case remitted to the County Court, Westchester County, to hear and report on that part of defendant's motion which was to suppress physical evidence, and appeal held in abeyance in the interim. The court erred in summarily denying so much of defendant's omnibus motion as sought to suppress physical evidence. Defendant's motion papers sufficiently allege a ground constituting a legal basis for this branch of the motion. We cannot say as a matter of law that the sworn allegations of fact do not support the ground alleged. Accordingly, a hearing is necessary to determine the merits of defendant's application. In view of the fact that this

---

appeal is being held in abeyance pending the holding of a suppression hearing, we do not, at this time, reach the other issues raised on this appeal. Gibbons, Rabin and Gulotta, JJ., concur.

Mangano, J. P., dissents and votes to modify the judgment by vacating the sentence imposed and remanding for a new sentence, and, as so modified, to affirm the judgment, with the following memorandum: Defendant received a sentence of an indeterminate term of imprisonment of three and one-half years to seven years, to run consecutively with "any other sentence that may be served * * * or any other sentence that he is to receive." The trial court acted properly by imposing an indeterminate sentence of imprisonment to run consecutively with any undischarged term of imprisonment *previously imposed* (Penal Law, § 70.25). However, in ordering that the sentence currently imposed run consecutively "with any other sentence that he is to receive" (i.e., *in futura),* the trial court erred by exceeding its statutory authority. Section 70.25 of the Penal Law only permits a court to impose a sentence of imprisonment, to run consecutively with that of another court, when the latter sentence is *previously imposed.* Accordingly, I am of the opinion that the sentence herein should be vacated and the case remanded to the trial court for the imposition of a new sentence.